# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| JAMIE HUBBARD | CIVIL ACTION NO. 6:13-cv-0802 |
| LA. DOC #537365 | |
| VS. | SECTION P |
| | JUDGE REBECCA F. DOHERTY |
| WARDEN BURL CAIN | MAGISTRATE JUDGE PATRICK J. HANNA |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Jamie Hubbard, an inmate in the custody of the Louisiana Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 15, 2013. Petitioner attacks his 2008 conviction for aggravated rape and the life sentence imposed by the Twenty-Seventh Judicial District Court, St. Landry Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d) and,  because Claims Two, Three, and Four were not properly exhausted and are now procedurally defaulted, and Claims One and Five fail to state a claim for which relief may be granted.

### Background

In April  2008 petitioner was found guilty as charged of aggravated rape; on April 29, 2008 he was sentenced to serve life imprisonment without benefit of parole. [Doc. 1-2, p. 5] His attorney appealed and argued three assignments of error: (1) The trial court abused its discretion by allowing the victim and her mother to be exempted from the rule of sequestration;

(2) insufficiency of evidence; and (3) erroneous jury charge including responsive verdicts not listed in La. C.Cr.P. art. 814 as responsive verdicts to aggravated raped. [Doc. 11, pp. 8-31]

Petitioner's conviction was affirmed by the Third Circuit Court of Appeals on March 4, 2009. *State of Louisiana v. Jamie Hubbard*, 2008-01000 (La. App. 3 Cir. 3/4/2009), 3 So.3d 91 (Table) [Doc. 11, pp. 40-48].  In denying relief, the Court of Appeals considered the merits of Assignments of Error 1 and 2, but, noting the absence of a contemporary objection, declined to address the defaulted claim concerning the jury instructions and responsive verdicts. [Doc. 11, pp. 47-48]

Petitioner's  application for *certiorari*, filed on March 16, 2009 [Doc. 11, pp. 2-7; 32-38] argued only Assignment of Error Number One – the issue concerning sequestration of the victim and her mother.  *Certiorari* was denied without comment by the Louisiana Supreme Court on December 11, 2009.  *State of Louisiana v. Jamie Hubbard*, 2009-0690 (La. 12/11/2009), 23 So.3d 911.  Petitioner did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶ 6(d)]

On August 30, 2010 petitioner filed a *pro se* application for post-conviction relief in the Twenty-Seventh Judicial District Court raising the following claims: (1) ineffective assistance of counsel based on counsel's failure to (a) investigate; (b) develop a relationship with the petitioner; (c) object or take writs with regard to the alleged violation of the rule of sequestration; (d) move for a mistrial during the improper closing argument of the State; (e) prepare a defense; and (f) to retain a DNA expert; (2) ineffective assistance of appellate counsel based on counsel's failure to argue the claim of improper closing arguments; and, (3) improper closing arguments. [Doc. 14, pp. 3-49; Doc. 17, pp. 43-69]

2

On January 14, 2011 petitioner submitted a Supplemental Brief in support of his application for post-conviction relief arguing ineffective assistance of counsel based upon counsel's failure to interview witnesses – specifically the victim, the victim's mother, brother, sister, and cousin – or to conduct an investigation or hire an investigator to do so and failure to interview an officer prior to trial.  Petitioner withdrew the claim concerning counsel's failure to develop a meaningful relationship and amended the claim of ineffective assistance as it related to the sequestration rule to reflect an abuse of discretion on the part of the trial judge. Petitioner re-urged the claim of ineffective assistance based upon counsel's failure to object or move for a mistrial during closing arguments and added a claim of prosecutorial misconduct. Petitioner also re-urged the claim of ineffective assistance of counsel based upon counsel's failure to investigate and to secure the services of an expert DNA witness; and he further amended claim two with regard to ineffective assistance of appellate counsel to add a claim that counsel failed to allege ineffective assistance of trial counsel. Petitioner concluded by re-urging his claim of improper closing arguments. [Doc. 17-1, pp. 1-23]

On August 24, 2011 the State filed a response to the application. [Doc. 17-1, pp. 24-36]

Counsel having previously been appointed, a hearing was convened on August 25, 2011. Counsel's motion for a continuance was denied, as was his motion to appoint "independent counsel", i.e., counsel who was not associated with the St. Landry Parish Public Defenders Office.  Counsel then addressed only the issue of ineffective assistance of trial counsel based on counsel's failure to investigate. He called only two witnesses:  (1) Yvonne Savoy who testified that petitioner's trial counsel refused to take her statement prior to trial, and, that if called at trial she would have testified that petitioner was having a relationship with the victim's mother and

that the victim's mother had provided him a key to their house; and, (2) Laura Lewis who testified that she provided counsel with a statement to the effect that the victim's mother had told her that petitioner did not have sex with her daughter, the victim, but counsel did not call her as a witness to that fact and that the pants which were tested and proven to have petitioner's DNA were in fact the mother's and not the daughter's.  The State called petitioner's trial attorney, Edward Lopez.

At the conclusion of the hearing the Court noted that

> ... the only evidence presented that to me was at all relevant was Ms. Savoy says she saw Mr. Lopez and that Jamie Hubbard had a key. Mr. Lopez says, yes my file pretty much indicates that and my response is so what? And I'll get to that in just a minute. Ms. Lewis says, I went to see Mr. Lopez and I gave him a statement. The mother of the juvenile – of the victim said she lied and made it all up. She was mad at Jamie. Mr. Lopez has no recollection. However, at the trial of this matter, which was fully presented, as Mr. Lopez testified and as this Court recalls, the statements between the mother and the child were replete with contradictions and they were fully explored by a very capable attorney.

Thereafter, applying the rule of *Strickland v. Washington*, the Court concluded that ineffective assistance had not been established and he ordered the application dismissed.  [Doc. 1-3, pp. 2-32; Doc. 11, pp. 91-121; Doc. 17, pp. 12-42]

On September 29, 2011 petitioner filed an application for writs in the Third Circuit Court of Appeals. On October 12, 2011 the Third Circuit ruled that the writ would not be considered because petitioner failed to comply with Uniform Rules – Court of Appeals Rule 4 in that he failed to provide a copy of the application for post-conviction relief or a copy of the State's response. *State of Louisiana v. Jamie Hubbard*, KH 11-01215. [Doc. 11, p. 89]

Petitioner resubmitted his writ application in conformance with Rule 4 on October 26, 2011.  However, he did not seek review of any of the claims raised in his application for post-

4

conviction relief and instead argued that: (1) trial court erred in denying the petitioner's motion to continue the evidentiary hearing; and, (2) the trial court erred in denying the motion raising the issue of conflict of interest. [Doc. 17, pp. 1-11]  That application for writs was denied by the Third Circuit Court of Appeals on August 17, 2012. *State of Louisiana v. Jamie Hubbard*, No. KH 11-1396 [Doc. 1-3, p. 1; Doc. 11, p. 39; Doc. 13, p. 3; Doc. 18, p. 39]

Petitioner filed a *pro se* application for writs in the Louisiana Supreme Court; the application was received on October 2 and filed on October 4, 2012. In the writ application petitioner argued the same claims raised on direct review, i.e., (1) violation of the sequestration statute; (2) sufficiency of the evidence; and (3) improper responsive verdicts. He also argued a claim of ineffective assistance of counsel based on counsel's failure to investigate and interview witnesses. Petitioner also claimed that the trial court erred when it allowed the post-conviction hearing to proceed despite evidence of a conflict of interest with respect to the cross examination of the public defender who represented petitioner at trial by the public defender appointed to represent him at the post-conviction hearing. [Doc. 11, pp. 50-88; 90-121; Doc. 13, pp. 1-2; Doc. 18, pp. 2-70][1] Thereafter, on March 1, 2013 his application was denied. *State of Louisiana ex rel. Jamie Hubbard v. State of Louisiana*, 2012-2159 (La. 3/1/2013), 108 So.3d 785. [Doc. 11, p. 49]

He filed the instant petition on April 15, 2013. He argues (1) the trial court erred in allowing the victim and her mother to be exempted from the rule of sequestration; (2) insufficiency of the evidence; (3) improper responsive verdicts; (4) ineffective assistance of

---

[1] Petitioner did not file a **DATED** copy of the writ application or other evidence to establish whether the pleading was timely filed as previously ordered. [Docs. 8 and 12] The documents submitted contain as their only evidence of the date of filing the date stamp of the Louisiana Supreme Court indicating that the pleadings were received on October 2, 2012 and filed on October 4, 2012.

counsel; (5) conflict of interest at the post-conviction evidentiary hearing. [Doc. 1-2]

### *Law and Analysis*

### *1. Timeliness Under the AEDPA*

#### *A. Finality of Judgment*

Title 28 U.S.C. §2244(d)(1)(A) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are  in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed to the Third Circuit Court of Appeals.  His conviction was affirmed by the Court of Appeals on March 4, 2009. *State of Louisiana v. Jamie Hubbard*, 2008-01000 (La. App. 3 Cir. 3/4/2009), 3 So.3d 91 (Table) [Doc. 11, pp. 40-48].  Petitioner's timely application for *certiorari* was denied without comment by the Louisiana Supreme Court on December 11, 2009.  *State of Louisiana v. Jamie Hubbard*, 2009-0690 (La. 12/11/2009), 23 So.3d 911.  Petitioner did not seek further direct review in the United States Supreme Court [Doc. 1, ¶ 6(d)] and therefore, for AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. § 2244(d)(1)(A)], ninety days following the Louisiana Supreme Court's December 11, 2009  writ denial, or, on or about March 11, 2010. Petitioner had 1-year from that date to timely file his

---

[2] Nothing in the record suggests that petitioner is relying on any other date to reckon timeliness. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

petition for *habeas corpus*.

### B. Statutory Tolling

The statutory tolling provision of 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period  [*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the properly filed state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).

Petitioner was able to toll the limitations period when he filed his application for post-conviction relief in the Twenty-Seventh Judicial District Court on August 30, 2010.  [See application for post-conviction relief, Doc. 14, pp. 3-49; Doc. 17, pp. 43-69] However, a period of 172 days of the AEDPA limitations period expired between the date that the judgment of conviction became final (March 11, 2010)  and the date he filed his application for post-conviction relief (August 30, 2010).

Thereafter petitioner was able to toll the limitations period throughout the time that his post-conviction proceeding remained pending in the Twenty-Seventh Judicial District Court and the Third Circuit Court of Appeals but he could rely on tolling only during the period of time that his application remained "properly filed" in the Louisiana Courts.  28 U.S.C. §2244(d)(2).

The record establishes that petitioner's application for post-conviction relief was denied

by the District Court on August 25, 2011. [Doc. 17, pp. 12-42] Thereafter, writs on post-conviction relief was ultimately denied on the merits  by the Third Circuit Court of Appeals on August 17, 2012 and Notice of Judgment was mailed to petitioner by the Court on that same date. [*State of Louisiana v. Jamie Hubbard,* No. KH 11-01396, Doc. 1-3, p. 1, Doc. 13, p. 3, Doc. 18, p. 39]

Pursuant to Louisiana Supreme Court Rule X, §5(a), petitioner had a period of 30-days following the mailing of the Third Circuit's Notice of Judgment, or until September 17, 2012, within which to file his writ application in the Louisiana Supreme Court.[3]  However, according to the available evidence, petitioner did not file his writ application in the Louisiana Supreme Court until October 2, 2012. [Doc. 18, pp. 2-38] That being the case,  his writ application,  was untimely by approximately two weeks under Supreme Court Rule X, §5(a).  Thus, petitioner's untimely writ application, filed beyond  the 30-day period of limitations established by Supreme Court Rule X, §5(a), was not a "properly filed" post-conviction pleading and therefore this untimely writ application could not serve to toll the limitations period pursuant to §2244(d)(2).

In *Williams v. Cain*, 217 F.3d 303, 309-11 (5th Cir. 2000), the Fifth Circuit confronted an issue identical to the issue presented herein. In *Williams* the petitioner's application for supervisory writs was denied by the Louisiana intermediary appellate court on March 10, 1994. Williams filed his writ application in the Louisiana Supreme Court sometime in May 1995, well beyond the thirty day period of limitations provided by Louisiana Supreme Court Rule X, §5(a).

---

[3] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal ... after a denial of an application, shall be made <u>within thirty days of the mailing of the notice of the original judgment of the court of appeal ... No extension of time therefor will be granted</u>."

The Fifth Circuit held that Williams's application for post-conviction relief in the Louisiana courts ceased to be "properly filed" for the purpose of §2244(d)(2) when Williams failed to file his application for a supervisory writ with the Louisiana Supreme Court within the time allowed by Rule X, § 5(a).  The Court noted that Rule X, § 5(a) is a procedural requirement governing the time of filing. Finally, the Court noted that the Rule sets out no specific exceptions to, or exclusions from, the requirement and forbids any extension of the thirty-day limit.  *Williams v. Cain*, 217 F.3d at 308.

Thus, as in *Williams*, petitioner's writ application in the Louisiana Supreme was not properly filed and could not serve to toll the limitations period.  In other words, statutory tolling under §2244(d)(2)  was no longer available after either August 17, 2012 (when the Third Circuit denied writs and mailed Notice of Judgment) or September 17, 2012 (when the 30-day period of limitations established by Rule X expired).  Thereafter a period of 210 days elapsed from the latter of those two dates before petitioner filed the instant *habeas corpus* petition on April 15, 2013.[4]  Further, as shown above, a period of 172 days of the AEDPA limitations period had already elapsed between the date of finality of judgment and the date petitioner commenced his ill-fated post-conviction litigation.  Thus, a period of 382 days elapsed un-tolled between the date petitioner's judgment of conviction became final and the date he filed his federal *habeas corpus* petition.

------

[4] The Fifth Circuit did not address the issue of whether statutory tolling should be considered to have ceased as of the date that the intermediate appellate court denied relief, or the date that the Rule X time limits expired. The court instead noted, "This court need not decide whether Williams's application in the Louisiana courts ceased to be pending when the intermediate appellate court denied his application for a supervisory writ or thirty days later, when his time for filing an application for a supervisory writ with the Louisiana Supreme Court expired under Rule X, § 5(a)." *Williams v. Cain*, 217 F.3d at 311, fn 9.  Such is the case herein.

In short, petitioner's federal *habeas corpus* petition is clearly time-barred by the provisions of 28 U.S.C. §2244(d).

### C. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing thus far supports equitable tolling of the statute of limitations in the instant case. It does not appear that the petitioner was actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Of course, this is a recommendation and not a final judgment. As shown below, petitioner will be afforded an opportunity to object to this recommendation, and, should he so chose, he should provide evidence and argument to support any claim that his petition is not time-barred, or, in the alternative, that even if it is time-barred, he should be afforded the benefits of either equitable or

10

statutory tolling.

### 2. Exhaustion of State Court Remedies

Federal *habeas corpus* review of state court convictions is limited by the intertwined doctrines of procedural default and exhaustion of state court remedies. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state court remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited federal review of  his *habeas corpus* claims. *Bledsue v. Johnson*, 188 F.3d 250, 254-55 (5th Cir.1999) citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

The federal *habeas corpus* statute and decades of federal jurisprudence require a petitioner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982);  *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983);  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999);  *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998).  In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999);

11

*Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985);  *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).  Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999);  *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. *See* LSA – Const. Art. 5, §5(a) ("The Supreme Court has general supervisory jurisdiction over all other courts...")

Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner.  *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

### A. Claims Raised on Appeal

### Claim 1 – Violation of the Rule of Sequestration

Petitioner's first claim for relief is that the trial court abused its discretion when it exempted both the juvenile victim and her mother from the Louisiana rule of sequestration, La. C.Cr.P. art. 615.  His appellate counsel litigated this claim on direct appeal to the Third Circuit. That Court addressed the merits of the claim and denied relief. Thereafter, petitioner raised the

claim in his writ application to the Louisiana Supreme Court.  Available State court remedies were therefore exhausted with regard to the claim. However, as is shown below, the Claim is without merit; petitioner's argument fails to state a claim for which *habeas* relief is available.

### Claim 2 – Insufficiency of the Evidence

Petitioner maintains that there was insufficient evidence to establish that he raped the victim. Petitioner also raised this claim on direct appeal to the Third Circuit. The Court of Appeals addressed the merits of the claim and found it to be without merit. Thereafter, petitioner abandoned the claim and did nor raise it in his application for writs in the Louisiana Supreme Court. [Doc. 11, pp. 2-7; 32-38] Since he did not present this claim to the Louisiana Supreme Court, petitioner did not exhaust available State court remedies with regard to this claim.

### Claim 3 – Erroneous Responsive Verdicts

Petitioner raised this claim in his direct appeal to the Third Circuit Court of Appeals; however, that Court refused to address the merits of the claim because petitioner failed to lodge a contemporaneous objection and thus waived his right to seek further review of the error. Thereafter, petitioner abandoned the claim and did not raise it in his writ application to the Supreme Court on direct review. [Doc. 11, pp. 2-7; 32-38]  This claim was therefore procedurally defaulted by the Court of Appeals.  In addition, based upon petitioner's failure to seek Supreme Court review of the claim, it too  remains unexhausted.

### B. Claims Raised on Post-Conviction Review

### Claim Four – Ineffective Assistance of Counsel

Petitioner raised various claims of ineffective assistance of trial and appellate counsel in his application for post-conviction relief filed in the Twenty-Seventh Judicial District Court.  He

was afforded an evidentiary hearing and chose to limit his evidence to the issue of whether or not

trial counsel was ineffective for failing to investigate and present a viable defense.  However,

once the trial court rejected his application, petitioner did not raise these ineffective assistance of

counsel claims in his application for writs in the Third Circuit Court of Appeals. [Doc. 17, pp. 1-

11] He argued these claims in his writ application to the Supreme Court, however, the claims

were not properly presented to the Supreme Court since the Court of Appeals did not have the

opportunity to rule on the claims. In other words, State court remedies with respect to petitioner's

ineffective assistance of counsel claims were not exhausted.

### Claim Five – Errors in the Post-Conviction Proceedings

In his final claim for relief, petitioner complains that the trial court abused its discretion

when it allowed the post-conviction evidentiary hearing to proceed once it had been placed on

notice that his court-appointed post-conviction counsel had a conflict of interest. Petitioner raised

this claim in the trial court, the Court of Appeal, and the Louisiana Supreme Court and therefore,

State court remedies with regard to this claim have apparently been exhausted.

### 3. Procedural Default

As outlined above, petitioner failed to exhaust available state court remedies with respect

to his claims of sufficiency of the evidence, erroneous responsive verdicts, and ineffective

assistance of counsel. As previously noted, the sufficiency of the evidence and responsive

verdicts claims, while argued on direct appeal to the Court of Appeals, were abandoned in the

Supreme Court; likewise, petitioner's ineffective assistance of counsel claims, while argued in

the District Court on post-conviction review, were omitted from petitioner's writ application

filed in the Third Circuit Court of Appeals and thereafter improperly presented to the Supreme

14

Court.

While State court remedies with regard to these claims remain unexhausted, it also appears that petitioner would be unable to return to the Louisiana courts to fully exhaust remedies in a third round of post-conviction relief. La. C.Cr.P. art. 930.4 generally prohibits successive or repetitive petitions. Thus any claim for relief filed at this point would likely be rejected under one or more of the grounds listed in the article. Further, art. 930.8 provides a two-year period of limitation for filing applications for post-conviction relief, generally reckoned from the date of finality of judgment.  Petitioner's judgment of conviction became final pursuant to La. C.Cr.P. art. 922(D) on December 11, 2009 at the latest. *See  State of Louisiana v. Jamie Hubbard*, 2009-0690 (La. 12/11/2009), 23 So.3d 911.  Therefore, even if he could hurdle the barrier imposed against successive applications, any attempt to file a second round of post-conviction relief would be doomed to failure as time-barred.

Thus, while State court remedies with respect to most of petitioner's *habeas* claims were not exhausted, these claims can be said to be "technically exhausted" since State court remedies are no longer available. A petitioner has "technically exhausted" his federal claim if he fails to properly and timely present it to the state courts and is thereafter barred from seeking relief in those  courts.  *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998) citing *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.1995); *Coleman*, 111 S.Ct. 732, 735 fn. 1; *Bledsue*, 188 F.3d at 254-55; *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th Cir.1998). In such a case, however, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse,

those claims are considered "technically" procedurally defaulted. *Id.*

Generally, federal *habeas* courts may not review the merits of these technically exhausted but procedurally defaulted claims  unless the petitioner demonstrates that he should be excused from application of the procedural default doctrine. This he can do by showing proper exhaustion of his state court remedies, or, failing that, by showing either cause and prejudice or that a miscarriage of justice will result from the denial of federal *habeas corpus* review. *See Finley*, 243 F.3d 215, 220-221 (5th Cir. 2001); *Coleman, supra; McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir.1996); *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Sones*, 61 F.3d at 416. *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) quoting *McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

### *Cause and Prejudice*

In *Murray v. Carrier*, the Supreme Court explained that "cause" in this context  refers to an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard. *Id.* at 488, 106 S.Ct. at 2645 (internal citations omitted)."

16

Clearly, the cause of the defaults identified above was petitioner's failure to fairly present the substance of his federal *habeas corpus* claims to the Supreme Court on direct review and to properly submit his claims to the Court of Appeal and thereafter the Supreme Court on collateral review. These failures were  not "... an impediment <u>external</u> to the defense..." Thus, it does not appear that petitioner can show "cause" for his default, and, if a *habeas* petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir.1992).

Nevertheless, with respect to each of the defaulted claims identified above, petitioner has also failed to demonstrate prejudice.

### *Miscarriage of Justice*

In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, he must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Glover*, 128 F.3d at 904. To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime. *Corwin v. Johnson*, 150 F.3d 467, 473 (5 Cir.1998); *Ward v. Cain*, 53 F.3d 106, 108 (5 Cir.1995). Thus, the petitioner must make a "colorable  showing of factual innocence." *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.), *cert. denied*, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) quoting *McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Petitioner has not shown that a fundamental miscarriage of justice as a result of this court's failure to consider his defaulted claims.  Accordingly, he cannot avoid procedural default on grounds of actual innocence.

***4. Rule 4 of the Rules Governing Section 2254 Cases in the District Courts***

Rule 4 of the Rules Governing Section 2254 Cases in the District Courts provides in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  As previously noted, petitioner exhausted available State court remedies with regard to Claim One, violation of the rule of sequestration, and Claim Five, conflict of interest during the post-conviction proceedings. Nevertheless, as is shown hereinafter, neither of these claims establish that petitioner is entitled to habeas corpus relief.

***Claim One – Sequestration***

Petitioner claims, "The trial court ... abused its discretion in allowing the victim as well as the [victim's] mother to be exempted from the Rule of Sequestration." [Doc. 1-2, p. 9] He thereafter argues that the trial court misapplied La. C.E. art. 615.  Petitioner raised this claim on direct appeal to the Third Circuit Court of Appeals who rejected it as follows, "... the defendant argues that the trial court abused its discretion in exempting both Q.B. and her mother from the rule of sequestration. We find no merit in this assignment of error as La.Code Evid. art. 615(A)(4) specifically excludes '[t]he victim of the offense, or the family of the victim' from the rule of sequestration. We do not agree with the defendant's argument that the use of 'or' in La.Code Evid. art. 615(A)(4) instead of 'and' suggests that the legislature intended that family members be exempted only in the absence of the victim, nor do we find any jurisprudence to support that argument." *State of Louisiana v. Jamie Hubbard*,  2009 WL 533093 at *3. Clearly, there was no violation of Louisiana law with regard to the trial court's decision to exempt the victim and her mother from the rule of sequestration.

18

Additionally, even if the trial court had violated Louisiana law regarding sequestration, that claim does not merit federal *habeas corpus* relief. The Fifth Circuit has held that a "state court's failure to follow its own procedural rules [on sequestration of witnesses] does not of itself raise federal constitutional questions cognizable in habeas corpus." *Passman v. Blackburn*, 652 F.2d 559, 569 (5th Cir.1981). The Fifth Circuit has also held that a habeas petitioner's "complaint that the trial court failed to invoke the rule of sequestration of witnesses does not raise a question that can be reached by federal habeas corpus, since such denial does not amount to a deprivation of [the petitioner's] constitutional rights." *Mathis v. Wainwright*, 351 F.2d 489 (5th Cir.1965).

Petitioner's claim is clearly without merit and fails to state a claim for which *habeas corpus* relief is available.

### *Claim Five – Conflict of Interest at Post-Conviction Evidentiary Hearing*

In his final claim for relief, petitioner argues that the trial court abused its discretion when it allowed the post-conviction evidentiary hearing to proceed even though alerted to the conflict of interest involving the Public Defender appointed to represent petitioner during the post-conviction proceedings, and the Chief Public Defender who was accused by petitioner of ineffective assistance at trial.   The issue was presented to the trial court as follows, "Additionally, my client informed me that he wishes to have independent counsel and he feels that because Mr. Lopez (petitioner's trial counsel) writes my checks he should have someone who is not affiliated with the St. Landry Parish IDB representing him." That motion was denied as follows, "If that's a motion, that is denied also. I see no conflict of interest. The members of the  – the attorneys with the Public Defender Board are independent contractors. I do not

recognize a conflict." [Doc. 17, p. 13]

A "conflict of interest" means, in this context, "a division of loyalties that affected counsel's performance." *Mickens v. Taylor*, 535 U.S. 162, 172 (2002). However, nothing of record demonstrates that post-conviction counsel's loyalties were in any way divided or his performance at the evidentiary hearing in any way affected. At the conclusion of that hearing, counsel articulated the following proffer, "If I were allowed to ask Mr. Lopez in response to his statements that he's an independent contractor and I think he said, so was I. He said he's a supervisor. He has the power and authority to write me up, to report me and to report my inactivity regarding my clients, as the case may be. And that's what he would testify to, that he has actual control over my livelihood when it's all said and done." [Doc. 17, p. 41 (emphasis supplied)] It thus clearly appears that to the extent Lopez exercised authority over counsel, it was limited to Lopez's authority to report counsel's inactivity regarding his representation of indigent clients.

Finally, petitioner argues herein that "[i]neffective assistance of counsel may result from an attorney's conflict of interest." [Doc. 1-2, pp. 28-29] Such a claim is precluded by 28 U.S.C. §2254(i) which states, "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254."

In short, Claim Five is without merit and cannot form the basis for *habeas corpus* relief.

*Conclusion and Recommendation*

Based upon the evidence submitted by petitioner, it appears that his application for writ of certiorari was not filed within the 30 day period as mandated by Louisiana Supreme Court Rule X, §5(a), and therefore he was unable to toll the AEDPA limitations period beyond September 17, 2012. Since more than 365 days elapsed un-tolled between the date that his judgment of conviction became final, his claims are time-barred.

In addition, petitioner did not seek further direct review of Claims Two (insufficiency of the evidence) and Three (responsive verdicts); nor did he preserve Claim Four (ineffective assistance of counsel) for collateral review in the Louisiana Supreme Court when he failed to litigate the claim first in the Third Circuit Court of Appeals. Therefore State court remedies with respect to Claims Two, Three, and Four were not exhausted. Nevertheless, since petitioner would be procedurally barred from returning to the Louisiana Courts to properly exhaust these claims, this Court may not reach the merits because petitioner has not demonstrated cause, prejudice, or a miscarriage of justice with regard to his default. Finally, petitioner's two exhausted claims, Claim One (violation of the rule of sequestration) and Claim Five (ineffective assistance of post-conviction counsel) fail to state a claim for which relief may be granted and they are subject to dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts.

Therefore, for all of the foregoing reasons,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[5]  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28

---

[5] If petitioner objects to this Report and Recommendation, he should provide:
(1) competent evidence to establish the timely filing of his application for writ of certiorari in the Louisiana Supreme Court on collateral review; or in the alternative,
(2) competent evidence and argument to establish his entitlement to equitable tolling;
(3) competent evidence and argument to establish exhaustion of State court remedies with respect to each claim for relief raised herein;
(4) competent evidence and argument to negate the finding of procedural default; and,
(5) competent evidence and argument to establish cause, prejudice, or miscarriage of justice as noted above.

U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana November 18,2013.

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

23