UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JAMIE HUBBARD** | **CASE NO.  6:13-CV-00802** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WARDEN** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Jamie Hubbard, a prisoner in the custody of the Louisiana Department of Corrections, who is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a pleading entitled Motion for Relief from a Judgment under Fed. R. Civ. P. 60 on April 24, 2020.  Rec. Doc. 30.  By this pleading, it appears that petitioner once again seeks to collaterally attack his 2008 conviction in the Twenty Seventh Judicial District Court, St. Landry Parish for aggravated rape.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that petitioner's motion be deemed a successive petition for writ of *habeas corpus* and **DISMISSED** for want of jurisdiction.

## *Statement of the Case*

The following procedural background was laid out by this Court in its 2013 Report and Recommendation addressing Hubbard's original petition for writ of habeas corpus:

> In April 2008 petitioner was found guilty as charged of aggravated rape; on April 29, 2008 he was sentenced to serve life imprisonment without benefit of parole. [Doc. 1-2, p. 5] His attorney appealed and argued three assignments of error: (1) The trial court abused its discretion by allowing the victim and her mother to be exempted from the rule of sequestration; (2) insufficiency of evidence; and (3) erroneous jury charge including responsive verdicts not listed in La. C.Cr.P. art. 814 as responsive verdicts to aggravated raped. [Doc. 11, pp. 8-31]
>
> Petitioner's conviction was affirmed by the Third Circuit Court of Appeals on March 4, 2009. *State of Louisiana v. Jamie Hubbard*, 2008-01000 (La. App. 3 Cir. 3/4/2009), 3 So.3d 91 (Table) [Doc. 11, pp. 40-48]. In denying relief, the Court of Appeals considered the merits of Assignments of Error 1 and 2, but, noting the absence of a contemporary objection, declined to address the defaulted claim concerning the jury instructions and responsive verdicts. [Doc. 11, pp. 47-48]
>
> Petitioner's application for certiorari, filed on March 16, 2009 [Doc. 11, pp. 2-7; 32-38] argued only Assignment of Error Number One – the issue concerning sequestration of the victim and her mother. Certiorari was denied without comment by the Louisiana Supreme Court on December 11, 2009. *State of Louisiana v. Jamie Hubbard*, 2009-0690 (La. 12/11/2009), 23 So.3d 911. Petitioner did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶ 6(d)]
>
> On August 30, 2010 petitioner filed a pro se application for post-conviction relief in the Twenty-Seventh Judicial District Court raising the following claims: (1) ineffective assistance of counsel based on counsel's failure to (a) investigate; (b) develop a relationship with the petitioner; (c) object or take writs with regard to the alleged violation of the rule of sequestration; (d) move for a mistrial during the improper

> closing argument of the State; (e) prepare a defense; and (f) to retain a DNA expert; (2) ineffective assistance of appellate counsel based on counsel's failure to argue the claim of improper closing arguments; and, (3) improper closing arguments. [Doc. 14, pp. 3-49; Doc. 17, pp. 43-69]

Rec. Doc. 20.

On April 15, 2013, Hubbard filed his first petition for habeas corpus, arguing the following: (1) the trial court erred in allowing the victim and her mother to be exempted from the rule of sequestration; (2) insufficiency of the evidence; (3) improper responsive verdicts; (4) ineffective assistance of counsel; and (5) conflict of interest at the post-conviction evidentiary hearing. Rec. Doc. 1. The petition was denied and dismissed as time-barred by the provisions of 28 U.S.C. §2244(d) and, because Claims Two, Three, and Four were not properly exhausted and were procedurally defaulted, and because all claims failed to state a claim for which relief may be granted. Rec. Docs. 20, 24.

On July 26, 2018, Hubbard filed a second petition for writ of habeas corpus, raising the same claims raised in his first. *Hubbard v. Cain*, Civil Action No. 18-cv-976, Rec. Doc. 1. Finding the petition to be second and successive, this Court dismissed it for lack of jurisdiction. *Id*. at rec. doc. 7.

Presently before this Court is Hubbard's Motion for Relief from a Judgment under Fed. R. Civ. P. 60, in which he seeks to vacate this Court's 2013 Judgment denying his petition for writ of habeas corpus.

## *Law and Analysis*

Petitioner seeks relief from, or reconsideration of, the judgment in his original *habeas corpus* action.

As petitioner is aware, Title 28 U.S.C. §2244(b)(1) and (2) authorize dismissal of "second and successive" *habeas corpus* petitions; §2244(b)(3) directs a petitioner filing a "second and successive" *habeas* to obtain authorization from the appropriate Court of Appeals before filing the petition in District Court.

The United States Supreme Court in *Gonzalez v. Crosby* held that a Rule 60(b) Motion filed after disposition of a § 2254 habeas corpus petition is properly construed as a successive habeas petition if it presents a "claim." *Gonzalez v. Crosby,* 545 U.S. 524, 530 (2005). A "claim" is defined as "an asserted federal basis for relief from a state court's judgment of conviction." *Id*. The Court explained that a Rule 60(b) Motion filed after disposition of a § 2254 habeas corpus petition advancing one or more new "claims" or attacking the federal court's previous resolution of a "claim" on the merits, although labeled a Rule 60(b) Motion, is in substance a successive habeas petition and should therefore be treated accordingly. *Id*. at 530-531. The Court recognized that if this were not the case, such pleadings would be inconsistent with, and would circumvent, AEDPA's prohibitions for the filing of successive habeas corpus actions. Id. at 531.

Petitioner's Motion asserts that he is entitled to *habeas corpus* relief because his post-conviction inmate counsel rendered ineffective assistance. As noted above, his first *habeas* petition was denied and dismissed as time-barred by the provisions of 28 U.S.C. §2244(d) and, because Claims Two, Three, and Four were not properly exhausted and were procedurally defaulted, and because all claims failed to state a claim for which relief may be granted. In a subsequent petition – the one which was deemed successive and transferred to the Fifth Circuit – he raised the same claims.

The instant motion seeks to relitigate claims raised in his petitions. His pleadings are clearly an attempt to mount yet another collateral attack on his State court conviction by raising claims of ineffective assistance of counsel. Therefore, the Rule 60 motion must be construed as a successive petition for *habeas corpus* relief filed pursuant to Section 2254.

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This is the third petition for *habeas corpus* filed by this petitioner. The petition attacks the same convictions which were the subject of his first two petitions. Petitioner's claims could have been raised in his first petition which was dismissed

with prejudice as time-barred. Therefore, this petition is successive.[3] Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

Therefore,

**IT IS RECOMMENDED** that petitioner's Motion for Relief from a Final Judgment Under F.R.C.P. 60 be construed as a petition for *habeas corpus* filed pursuant to 28 U.S.C. §2254; that it be deemed successive; and, that it be **DISMISSED** for lack of jurisdiction because petitioner did not obtain permission from the United States Fifth Circuit Court of Appeals prior to filing.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

---

[3] Although a dismissal based on the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *See In re: Flowers*, 595 F.3d 204, 205 (5th Cir.2009) (*per curiam* ).

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana July 23, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE